UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRIAN M. OH, | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | |
| -against- | : | **COMPLAINT AND** |
| | : | **JURY DEMAND** |
| | : | |
| DAVID J. RODRIGUEZ, | : | |
| UNITED STATES CUSTOMS AND | : | |
| BORDER PROTECTION | : | |
| and UNITED STATES OF AMERICA, | : | |
| | : | Civil Action |
| Defendants. | : | |
| | : | |

The plaintiff, BRIAN M. OH, by his attorneys, B HAHM LAW P.C., complaining of the defendants DAVID J. RODRIGUEZ, UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES OF AMERICA, respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1.   That at all times relevant hereto, Plaintiff BRIAN M. OH was, and still is, a resident of the County of Queens in the State of New York.

2.   That at all times relevant hereto, Defendant DAVID J. RODRIGUEZ was, and still is, servant, employee, representative and/or agent of UNITED STATES CUSTOMS AND BORDER PROTECTION.

3.   That at all times relevant hereto, Defendant DAVID J. RODRIGUEZ was, and still is, servant, employee, representative and/or agent of UNITED STATES OF AMERICA.

4.   That at all times mentioned herein, Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION is a federal government entity.

5. That at all times mentioned herein, Defendant UNITED STATES OF AMERICA is a federal government entity.

## JURISDICTION AND VENUE

6. This court has original jurisdiction over this action for this case arises from a motor vehicle accident caused by a federal government employee from a federal agency, and henceforth it is a tort claim against the federal government under the Federal Tort Claims Act ("FTCA").

7. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and this matter in controversy exceed, exclusive of interests and costs, the sum of ONE HUNDRED THOUSAND ($ 100,000.00) DOLLARS.

8. Venue is properly laid in this district pursuant to 28 U.S. Code § 1391.

## FACTUAL ALLEGATIONS

9. On or about September 15, 2022 at approximately 5:00 A.M., Plaintiff BRIAN M. OH was the driver of a motor vehicle which was stopped behind the traffic signal light at the intersection of Broome Street and Broadway in the County of New York, State of New York.

10. At the aforesaid time and place, Defendant DAVID J. RODRIGUEZ operating a motor vehicle owned by Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION stuck the rear of the vehicle Plaintiff BRIAN M. OH was operating.

11. At the aforesaid time and place, Defendant DAVID J. RODRIGUEZ operating a motor vehicle owned by Defendant UNITED STATES OF AMERICA stuck the rear of the vehicle Plaintiff BRIAN M. OH was operating.

## COUNT ONE ON BEHALF OF PLAINTIFF BRIAN M. OH

12. That at all times relevant hereto, Defendant DAVID J. RODRIGUEZ was the owner of a Ford motor vehicle bearing the State of New York registration number JNL2551.

13. That at all times relevant hereto, Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION was the owner of the abovementioned Ford motor vehicle.

14. That at all times relevant hereto, Defendant UNITED STATES OF AMERICA was the owner of the abovementioned Ford motor vehicle.

15. That at all times relevant hereto, Defendant DAVID J. RODRIGUEZ controlled, managed and maintained the abovementioned Ford motor vehicle.

16. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle.

17. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle with the knowledge of Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION.

18. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle with the permission of Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION.

19. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle with the consent of Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION.

20. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle with the knowledge of Defendant UNITED STATES OF AMERICA.

21. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle with the permission of Defendant UNITED STATES OF AMERICA.

22. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle with the consent of Defendant UNITED STATES OF AMERICA.

23. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle in the scope of his employment with Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION.

24. That at all times herein mentioned, Defendant DAVID J. RODRIGUEZ operated the abovementioned Ford motor vehicle in the scope of his employment with Defendant UNITED STATES OF AMERICA.

25. That at all times hereto, the defendants were charged and/or otherwise responsible for operating their motor vehicles in such a manner so as to avoid contact with other vehicles lawfully proceeding on the roadway including the vehicle the plaintiff was in.

26. That at all times hereto, at or the intersection of Broome Street and Broadway, in the County of New York, State of New York was, and still is, a public highway/roadway.

27. That on or about September 15, 2022 at approximately 5:00 A.M., Defendant DAVID J. RODRIGUEZ was operating his motor vehicle on the aforesaid location.

28. That on or about September 15, 2022 at approximately 5:00 A.M., Defendant DAVID J. RODRIGUEZ was operating the aforesaid Ford motor vehicle owned by Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION at the aforesaid location.

29. That on or about September 15, 2022 at approximately 5:00 A.M., Defendant DAVID J. RODRIGUEZ was operating the aforesaid Ford motor vehicle owned by Defendant UNITED STATES OF AMERICA at the aforesaid location.

30. That on or about September 15, 2022 at approximately 5:00 A.M., Plaintiff BRIAN M. OH was lawfully operating his motor vehicle in front of the defendants' vehicle.

31. That on or about September 15, 2022 at approximately 5:00 A.M., at the abovementioned location, the motor vehicle owned and operated by Defendant DAVID J. RODRIGUEZ and the motor vehicle owned and operated by Plaintiff BRIAN M. OH were in contact.

32. That on or about September 15, 2022 at approximately 5:00 A.M., at the abovementioned location, the motor vehicle owned by Defendant UNITED STATES CUSTOMS AND BORDER PROTECTION and operated by Defendant DAVID J. RODRIGUEZ and the motor vehicle owned and operated by Plaintiff BRIAN M. OH were in contact.

33. That on or about September 15, 2022 at approximately 5:00 A.M., at the abovementioned location, the motor vehicle owned by Defendant UNITED STATES OF AMERICA and operated by Defendant DAVID J. RODRIGUEZ and the motor vehicle owned and operated by Plaintiff BRIAN M. OH were in contact.

34. That the defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles and the defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

35. That as a result of the aforesaid contact, Plaintiff BRIAN M. OH was injured.

36. That by reason of the foregoing, Plaintiff BRIAN M. OH sustained severe and permanent personal injuries and was otherwise damaged.

37. That Plaintiff BRIAN M. OH sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

38. That Plaintiff BRIAN M. OH sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

39. That Plaintiff BRIAN M. OH is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse the plaintiff. The plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

40. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602 of the State of New York.

41. That by reason of the foregoing, Plaintiff BRIAN M. OH has been damaged in a sum, which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff BRIAN M. OH demands judgment against the defendant herein, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

## JURY DEMAND

The plaintiff hereby demands a trial by jury as to all issues.

Dated:       Queens, New York
                July 14, 2024

                                B HAHM LAW P.C.

                                By:  /s/ *Benjamin Hahm*_____
                                Benjamin Hahm
                                Attorneys for the Plaintiff

BRIAN M. OH,

                                                                                                     Plaintiff,

                          -against-

DAVID J. RODRIGUEZ,
UNITED STATES CUSTOMS AND BORDER PROTECTION
and UNITED STATES OF AMERICA,

                                                                                                      Defendants.

## *Summons, Complaint and Jury Demand*

## B HAHM LAW P.C.

**Attorneys for Plaintiff**
BRIAN M. OH
218-10 Northern Blvd. Suite 207
Bayside, NY 11361
(718) 229-8080

## ATTORNEY CERTIFICATION

I hereby certify that, to the best of my knowledge, information and belief, the presentation of ***Summons, Complaint and Jury Demand*** and the contentions therein are not frivolous.
Dated:  July 14, 2024
        Queens, New York

                                                By: /s/ *Benjamin Hahm*
                                                         Benjamin Hahm
                                                    Attorneys for the Plaintiff